UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-179(DWF/RLE)
Civil No. 04-3881 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>FREDERICK DUANE FISHER,<br><br>Petitioner/Defendant. | **MEMORANDUM IN OPPOSITION TO DEFENDANT FISHER'S MOTION TO CORRECT, RECALCULATE, AND MODIFY SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Comes now the United States of America by and through its attorney, Assistant United States James E. Lackner, respectfully submitting its Memorandum in Opposition to Defendant Frederick Duane Fisher's post-conviction motion to correct, recalculate and to modify a sentence.

INTRODUCTION

On August 2, 2004, Fisher moved this Court to correct, recalculate and modify his sentence on Blakely grounds. Specifically, he contends that Blakely was violated when this Court increased his base offense level by 9 points--4 points for brandishing a weapon (knife) in relation to the assault, an enhancement Fisher claims was never charged, and 5 points for permanent injury sustained by the victim. Fisher also filed a motion to vacate, set aside and correct sentence pursuant to 28 U.S.C. § 2255 on August 30, 2004, reiterating the same argument in

his motion filed on August 2.[1] However, Fisher includes a claim that the he should have received a three-level reduction for acceptance of responsibility, as recommended by the probation officer in the presentence report.

On October 28, 2002, pursuant to a Plea Agreement and Sentencing Stipulations, Fisher pled guilty (Count V of a Superseding Indictment) to aiding and abetting an assault resulting in serious bodily harm, in violation of 18 U.S.C. §§ 2, 113(a)(6), 1151, and 1153(a). See Plea Agreement and Sentencing Stipulations. The parties stipulated that the guidelines place the offense at severity level 24 (base offense level 15, 4-level enhancement for the use of dangerous weapon (knife) in relation to the assault, and a 6-level enhancement for permanent injury sustained by the victim, however there was a cap of nine levels for the cumulative adjustments under the assault guidelines (U.S.S.G. § 2A2.2)). Id. at 2, ¶ 3. The parties agreed that there should be no adjustment

[1] In April 2003, while incarcerated at the Sherburne County Jail, Elk River, Minnesota, Fisher filed a petition for writ of habeas corpus ad testificandum in federal district court seeking to be temporarily released from confinement to attend a hearing in a civil lawsuit, which was denied. See Fisher v. Anderson, Civil No. 03-2969(PAM/SRN)(D. Minn. Apr. 29, 2003).

In August 2003, while incarcerated at USP-Lewisburg, Pennsylvania, Fisher filed a petition pursuant to 28 U.S.C. § 2241 in the District of Minnesota, requesting a writ of habeas corpus for prosecution of a pending criminal matter in state court. The matter was dismissed without prejudice so Fisher could pursue his present claims for relief in the Minnesota state courts. See Fisher v. Dodrill, Civil No. 03-5008(JNE/JGL)(D. Minn. Oct. 9, 2003).

for acceptance of responsibility. However, the final decision on whether a reduction for acceptance of responsibility would be applied was left to the Court's discretion. Id.

At sentencing on April 25, 2003, this Court refused to adjust Fisher's offense level for acceptance of responsibility, and sentenced Fisher to a 78 month prison term. U.S. v. Fisher, Cr. No. 02-179(01)(DWF/RLE)(D. Minn. (Judgment in a Criminal Case, Apr. 25, 2003)). Fisher appealed the restitution order imposed by the district court in a brief under Anders v. California, 386 U.S. 738 (1967). The Eighth Circuit affirmed the judgment of this Court on February 2, 2004. U.S. v. Fisher, Appeal No. 03-2206 (D. Minn. Feb. 2, 2004). The Eighth Circuit issued its mandate affirming his conviction and sentence on February 24, 2004. He did not file a petition for certiorari with the United States Supreme Court within the 90-day period specified in Supreme Court Rule 13.1. Therefore, his conviction became final, at the latest, on May 24, 2004, before the issuance of the Blakely decision on June 24, 2004.

Thus, Fisher's petition urges the Court to apply the rule of Blakely (assuming it applies to the federal sentencing guidelines) retroactively to a case on collateral review.

## SUMMARY OF THE ARGUMENT

This petition should be rejected for two separate reasons. First, even assuming it applies to the Sentencing Guidelines, Blakely does not apply to collateral review. Second, even if it

were applicable on collateral review, it would not apply here because the defendant stipulated to the very enhancements he now claims should have been presented to a jury. Blakely, by its very terms, does not apply were a defendant admits or stipulates to the enhancements he claims were not the subject of a jury decision.

ARGUMENT

## I. PETITIONER'S MOTION SHOULD BE DENIED BECAUSE BLAKELY IS NOT RETROACTIVE ON COLLATERAL REVIEW

The merits of Fisher's motion should not be reached at all as Blakely, even if it applies to the Sentencing Guidelines, should not be applied retroactively. The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive);

Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

The governing rule was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). Justice O'Connor endorsed Justice Harlan's principles "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, which Justice O'Connor adopted from Justice Harlan with some modification. First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the

criminal proceeding." It has stated: "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. 461, 478 (1993), quoting Teague, 489 U.S. at 311. In Teague, Justice O'Connor stated: "Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." 489 U.S. at 313.[2]

Although the relevant portion of Justice O'Connor's opinion was a four-justice plurality opinion, her Teague standards have been applied by a majority of the Supreme Court, with some modification for sentencing rules, in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, "[t]he Teague inquiry is conducted in three steps." 521 U.S. at 156. The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If it did not, he is entitled to the benefit of the decision. If it did become final before the new

---

[2] The Supreme Court, despite many decisions addressing new rules of constitutional law, has yet to find any retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

decision, the second step is to determine whether the decision adopts a new rule. If it does not, again he is entitled to the benefit of the decision. If it did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that petitioner's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step, an inquiry as to whether Blakely announced a "new rule".

The Supreme Court has defined a "new rule" as one that was not "dictated by precedent existing at the time the defendant's conviction became final." Graham v. Collins, 506 U.S. at 467; Sawyer v. Smith, 497 U.S. at 234; Teague v. Lane, 489 U.S. at 301 (emphasis in originals). A rule may be new even though it finds general support in prior cases. Sawyer v. Smith, 497 U.S. at 236. The test is whether, at the time Blakely was decided, a "reasonable jurist" would have felt "compelled" to adopt the rule it stated. O'Dell v. Netherland, 521 U.S. at 164; Graham v. Collins, 506 U.S. at 477. Under this standard, Blakely clearly adopted a new rule.

Four years before Blakely, in Apprendi, the Court held that any fact which increases a statutory maximum sentence must be

determined by a jury. Subsequently, every circuit court of appeals addressed whether this rule applied to determinations made, as in this case, in order to calculate a sentence under the guidelines within the statutory maximum. Without exception, every court held that the Apprendi rule was inapplicable to the Sentencing Guidelines, so long as the final sentence did not exceed the statutory maximum sentence on any count of conviction.[3] That body of law makes unquestionable that, even if the 5-4 decision in Blakely is ultimately held to require jury determinations regarding every enhancement factor under the federal guidelines, that result is not "dictated" by the Apprendi precedent, and reasonable jurists were not compelled to so conclude.

Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague -- for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

---

[3] See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Banks, 340 F.3d 683, 684-65 (8th Cir. 2003); United States v. Ochao, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

The fact that Blakely is not subject to either of these exceptions was essentially decided by the Supreme Court on the same day that it decided Blakely. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. July 9, 2004) ("the Supreme Court has strongly implied that Blakely is not to be applied retroactively").

In Schriro v. Summerlin, 124 S. Ct. 2519 (2004), the Court held that the decision in Ring v. Arizona, 536 U.S. 584 (2002), does not apply retroactively to cases already final on direct review. In Ring, the Court applied the Apprendi principle to a death sentence imposed under the same Arizona sentencing scheme at issue in Summerlin. The Ring Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court determined that Ring presented a new rule of procedure which was not retroactively applicable under the Teague formulation.[4] First, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. The Court explained that substantive rules "narrow the scope of a criminal statute by interpreting its terms [or] place

---

[4] In Teague v. Lane, 489 U.S. 288 (1989), the Court held that "new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." 489 U.S. at 303.

particular conduct or persons covered by the statute beyond the State's power to punish . . . ." 124 S. Ct. at 2522. In contrast, rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 2523. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . . ." Id.

The Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated "[t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243,

110 S.Ct. 2822, 111 L.Ed.2d 193 (1990))." Summerlin, 124 S. Ct. at 2523. The Court held that the jury requirement is not one: "When so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

This result is directly applicable to the Blakely holding that guideline determinations under the Washington state sentencing scheme should be made by a jury rather than a judge. If, as in Summerlin, the requirement that a jury determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely the same holding applies to the guideline enhancement issues to which Blakely is addressed.[5] Judge Doty has already reached this very conclusion in United States v. Stoltz, 325 F.Supp.2d 982, 986 (D. Minn 2004); see also United States v. Falodun, Cr. No. 01-380

---

[5] Indeed, prior to Summerlin, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

(1)(ADM/RLE)(D. Minn. (Order dated Oct. 25, 2004)) (same) (copy attached). The same reasoning should also apply here.

Regardless of whether Blakely applies to collateral review, it does not apply here. The defendant specifically stipulated to the very enhancements he now complains of. Blakely held that a sentence may be imposed by a judge if it is based solely on the "facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537. See United States v. Lucca, 377 F.3d 927, 934 (8th Cir. 2004) (where defendant admitted as part of his guilty plea that he distributed a certain weight of drugs, no issue under Blakely as to sentence based upon that drug weight); therefore, where a defendant stipulates to certain enhancements in a plea agreement, Blakely does not require that these same enhancements be submitted to a jury. United States v. Martinez-Salinas, — Fed. App. —, 2004 WL 2282861 (8th Cir. Oct. 12, 2004); United States v. Lindsey, 2004 WL 2278753 (7th Cir. Sep. 28, 2004)(guideline enhancement proper where defendant stipulated to it in plea agreement and thus no need for judicial fact finding).

Here, the defendant stipulated to both enhancements. See Plea Agreement, ¶ 3. The stipulations were specifically discussed and agreed to at the change of plea hearing by the defendant. See Change of Plea Hearing Tr. ("COPT") at pp. 16-18. Furthermore, although the defendant testified that he could not remember that he was personally carrying a weapon (COPT at p. 38), the defendant

admitted that his co-defendant, whom he aided and abetted, carried a dangerous weapon (COPT at pp. 34-37).

## CONCLUSION

For these reasons, petitioner's Blakely claim must fail, and his § 2255 motion should be denied.

Dated: November 16, 2004.

Respectfully Submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298