SCANNED
NOV 29 2004
U.S. DISTRICT COURT ST. PAUL

UNITED STATES
DISTRICT COURT
DISTRICT OF MINNESOTA

CRIMINAL NO: 02-179 (DWF/RLE)
CIVIL NO: 04-3881 (DWF)

FREDERICK DUANE FISHER
PETITIONER/DEFENDANT
V.
UNITED STATES OF AMERICA
RESPONDENT/PLAINTIFF

PETITIONERS RESPONSE, TO RESPONDENTS MEMORANDUM IN OPPOSITION TO PETITIONERS 2255 MOTION TO CORRECT-MODIFY-and RECALCULATE SENTENCE.

PETITIONER, FREDERICK DUANE FISHER (# 10447-041) AN INMATE AT THE UNITED STATES PENITENTIARY (P.O. BOX 1000) IN LEWISBURG, PENNSYLVANIA, Hereby Submits TO THE Honorable COURTS THE RESPONSE, TO RESPONDENTS MEMORANDUM IN OPPOSITION.

THE SENTENCING COURT IS BEST POSITIONED TO DETERMINE WHETHER A DEFENDANT HAS DISPLAYED THE REQUISITE DEGREE OF REMORSE, CONTRITION, and REGRET TO MERIT A REDUCTION IN HIS SENTENCE. CLEARLY DEMONSTRATED IN THE PRE INVESTIGATION REPORT, AND RECCOMENDED BY

(2)

THE US PROBATION DEPARTMENT, THE +3 POINTS FOR ACCEPTANCE/RESPONSIBILITY, WAS PREVIOUSLY DEMONSTRATED IN THE PRE INVESTIGATION INTERVIEWS. PETITIONER CLEARLY (SEE RECCOMENDATION FOR +3 POINTS BY US PROBATION OFFICE) ACKNOWLEDGED HIS RESPONSIBILITY IN THE INSTANT OFFENSE. FURTHERMORE, PETITIONER CONTENDS THAT DUE TO HIS REQUEST TO HIS ATTORNEY, TO INIATIATE A PLEA BARGAIN, HIS ATTORNEY DENIED PETITIONERS REQUEST, THEREFORE FORCING PETITIONER TO FACE THE POSSIBILITY OF TRIAL. PETITIONER HAS DEMONSTRATED HIS RESPONSIBILITY AND ACCEPTANCE OF THE INSTANT OFFENSE, LONG BEFORE THE RESPONDENT INIATIATED THE PLEA BARGAIN. PETITIONER ASSERTS THE FACT THAT THE DISTRICT COURTS REFUSAL TO REDUCE HIS SENTENCE FOR ACCEPTANCE OF RESPONSIBILITY, CONSTITUTES CLEAR ERROR. DUE TO THE DENIAL OF PETITIONERS REQUEST TO SEEK A PLEA BARGAIN, CONSTITUTED AN ACT OF INEFFECTIVE

ASSISTANCE OF COUNSEL. WHEREFORE, PETITIONER RETAINS HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. REASONABLE PROBABILITY (HAD THE OPTION BEEN PRESENTED) EXISTS, IN PERTINANCE TO THE APPLICABILITY OF THE +3 POINT(S) SENTENCE DECREASE, HAD PETITIONER BEEN GRANTED HIS REQUEST TO NEGOTIATE A PLEA AGREEMENT, INSTEAD PETITONER FACED GOING TO TRIAL. Furthermore, PETITIONER CONTENDS THAT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED, AND THE PETITIONER'S Knowledge OF THE LAW DOES NOT EXIST. Should Blakely NOT Apply, PETITIONER ASSERTS HIS CLAIM IN REGARDS TO INEFFECTIVE ASSISTANCE OF COUNSEL. HAD PETIONER BEEN GRANTED EFFECTIVE ASSISTANCE OF COUNSEL, THE Opportunity TO RECEIVE THE +3 POINT DECrease would BEEN GRANTED.

(4)

PETITIONER SEEKS THE NECESSARY RELIEF AVAILABLE, AND THAT THE MOTION TO CORRECT, MODIFY OR AMEND A SENTENCE, SHOULD BE GRANTED IN PETITIONERS FAVOR, TO REFLECT THE CORRECT OFFENSE LEVEL OF 27, RATHER THAN THE PROJECTED 30 (CAPPED AT 29).

THEREFORE, PETITIONER SUBMITS THE RESPONSE.

RESPECTFULLY SUBMITTED,

Frederick Fisher Sr.

FREDERICK FISHER SR.