**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Frederick Duane Fisher,

Petitioner-Defendant,

v.

United States of America,

Respondent-Plaintiff.

Civil No. 04-3881 (DWF)
Criminal No. 02-179(1) (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Frederick Duane Fisher, *Pro Se*, Petitioner-Defendant.

Peter B. Wold, Esq., Peter B. Wold, P.A., former counsel for Defendant.

Clifford B. Wardlaw and James E. Lackner, Assistant United States Attorneys, United States Attorney's Office, counsel for Respondent-Plaintiff.

---

## INTRODUCTION

This matter is before the undersigned United States District Judge on the motion of Petitioner-Defendant Frederick Duane Fisher ("Petitioner-Defendant") pursuant to 28 U.S.C. § 2255 for an order of this Court to correct, recalculate, and modify his sentence. Petitioner-Defendant has also requested that the Court grant an evidentiary hearing. Petitioner-Defendant asserts that the Court's sentence violated his Sixth Amendment right to trial by jury in light of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). Alternatively, and quite incredibly, in the Court's view, the Petitioner-Defendant is asserting ineffective assistance of counsel because his lawyer, Peter Wold, did not initiate plea negotiation discussions early on in the case so that Petitioner-Defendant might benefit by

receiving acceptance of responsibility, thereby reducing his sentence. The Government opposes Petitioner-Defendant's *pro se* motions.

**BACKGROUND**

On October 28, 2002, pursuant to a plea agreement and sentencing stipulations, Petitioner-Defendant pleaded guilty to Count 5 of a Superseding Indictment, aiding and abetting an assault, resulting in serious bodily harm, in violation of 18 U.S.C. §§ 2, 113(a)(6), 1151, and 1151(a). *See* Plea Agreement and Sentencing Stipulations. The parties stipulated to all enhancements and to a waiver of an appeal on all issues, including the sentencing issues, if the Court followed the plea agreement. The Court accepted the plea with some trepidation, as explained below. The parties stipulated that the Guidelines placed the offense at severity level 24 (Base Offense Level 15, four level enhancement for the use of a dangerous weapon (knife)) in relation to the assault and a six level enhancement for a permanent injury sustained by the victim, Ronald Long, Jr. There was a cap of nine levels from cumulative adjustments under the assault guidelines. (U.S.S.G. § 2A.2. *Id.* at 2, ¶ 3.) The parties agreed that there should be no downward adjustment for acceptance of responsibility as part of the plea agreement. However, the final decision as to whether a reduction for acceptance of responsibility would be applied was left to the Court's discretion.

At sentencing on April 25, 2003, the Court refused to adjust downward Petitioner-Defendant's offense level for acceptance of responsibility and sentenced Petitioner-Defendant to the high end of the plea agreement, namely 78 months. Petitioner-Defendant appealed the restitution order imposed by the district court pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eighth Circuit affirmed the judgment of this Court on February 2, 2004. *U.S. v. Fisher*, Appeal No. 03-2206 (D. Minn. Feb. 2,

2004). The Eighth Circuit issued its mandate affirming Petitioner-Defendant's conviction and sentence on February 24, 2004. Petitioner-Defendant did not file a petition for certiorari with the United States Supreme Court within the 90-day period specified in Supreme Court Rule 13.1. Therefore, his conviction became final, at the latest, on May 24, 2004, before the issuance of the *Blakely* decision on June 24, 2004.

Petitioner-Defendant now urges this Court to apply the rule of *Blakely* retroactively to his case.

**DISCUSSION**

First, the Court finds and concludes that it need not address Petitioner-Defendant's assertions in his motion under *Blakely* because the Court concludes that *Blakely* does not apply retroactively to matters on collateral review. Although the United States Supreme Court has stated that constitutional rules of criminal procedure should always be applied retroactively to cases on direct review, such rules are generally not retroactively applicable to cases on collateral review. *See Teague v. Lane*, 489 U.S. 28, 312 (1989). Only "watershed" procedural rules, defined as those "without which the likelihood of an accurate conviction is seriously diminished," apply to sentences that have become final after direct appeal. *Id.* at 313.

While it is true that the United States Supreme Court has not yet explicitly addressed whether *Blakely* is a "watershed" procedural rule, the Court did consider a similar issue in *Schrioro v. Summerlin*, 124 S. Ct. 2519 (2004). In *Summerlin*, the Court held that the decision in *Ring v. Arizona*, 536 U.S. 584 (2002), does not apply retroactively to cases already final on direct review. In fact, prior to *Summerlin*, every appellate court to address the issue held that the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not retroactively applicable in cases on collateral review.

*See, e.g.*, *Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir. 2003); *Coleman v. United States*, 329 F.3d 77, 90 (2d Cir.), *cert. denied*, 124 S. Ct. 840 (2003); *United States v. Jenkins*, 333 F.3d 151 (3d Cir.), *cert. denied*, 124 S. Ct. 350 (2003); *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001); *United States v. Brown*, 305 F.3d 304, 307-10 (5th Cir. 2002); *Goode v. United States*, 305 F.3d 378, 382-85 (6th Cir. 2002); *Curtis v. United States*, 294 F.3d 841, 842-44 (7th Cir. 2002); *United States v. Moss*, 252 F.3d 993, 997-1001 (8th Cir. 2001); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 667-71 (9th Cir. 2002); *United States v. Mora*, 293 F.3d 1213, 1218-19 (10th Cir. 2002); *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001). Consequently, Petitioner-Defendant cannot utilize *Blakely* as grounds for a section 2255 motion.

**Post-*United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005)**

In *Booker*, the United States Supreme Court held that *Blakely v. Washington* applied to the Federal Sentencing Guidelines, and that the Sixth Amendment's jury trial guarantee prohibited judges from finding facts that exposed a defendant to increased prison time. Thus, the Sixth Amendment is violated by the imposition of an enhanced sentence under the Guidelines based on a judge's determination of fact, other than a prior conviction, that was not found by the jury or admitted by the defendant. *United States v. Booker* reaffirms the holding in *Apprendi* that any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Id.*

In the wake of *Booker*, the Sentencing Reform Act requires a sentencing court to regard the Guidelines range as one of many factors to consider in determining the sentence. Accordingly, the

Court is not bound by the Guidelines, but must "consult" them and "take them into account when sentencing." *Booker* at 767.

On the record before the Court, Petitioner-Defendant's sentence does not implicate the Sixth Amendment. In the wake of *Booker,* the Court's sentence of 78 months is consistent with the factors and directives set forth in 18 U.S.C. § 3553(a). In other words, applying a post-*Booker* analysis to Petitioner-Defendant's sentence would result in at least a 78-month sentence. The Court states "at least" for a number of reasons. First, the family of the victim, Ronald Long, Jr., opposed the plea agreement in this case from the very beginning. Their position did not change, and understandably so. The family opposed the plea agreements of the co-defendants as well. Second, with or without acceptance of responsibility, the Court consciously went to the high end of the Guidelines, notwithstanding the plea agreement of 63 to 78 months. Petitioner-Defendant's sentence was unjust only in the sense that the Petitioner-Defendant's conduct and the seriousness of the case weighed heavily in favor of a much longer sentence than was given pursuant to the plea agreement. Post-*Booker* scrutiny would clearly allow this Court to increase the sentence to the maximum of 120 months, not decrease it, with or without acceptance of responsibility. The Court says this in full light of the very tragic and sad environment in which Petitioner-Defendant grew up. If the sentence the Court imposed on April 25, 2003, remains subject to criticism today, this criticism is one of leniency for the Court to bear. In light of the Court's willingness to subject its sentence to post-*Booker* scrutiny, the applicability or propriety of Petitioner-Defendant's motion, pursuant to 28 U.S.C. § 2255, is deemed moot by this Court.

Incredibly, as noted above, Petitioner-Defendant asserts that he was the victim of ineffective assistance of counsel. The record belies any such notion. Indeed, it is this Court's view that Petitioner-Defendant received zealous, effective, and competent representation at all stages of his case from a very experienced and highly capable attorney. There was nothing ineffective about the representation Petitioner-Defendant received.

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitled petitioner to relief; or (2) if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1990). Applying that standard to the allegations of Petitioner-Defendant in this case and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. The assertions of Petitioner-Defendant are entirely belied by the record before this Court. Moreover, the interests of justice will not be served by granting the motions of Petitioner-Defendant.

**CONCLUSION**

Based upon the presentations and submissions of the parties, the Court having reviewed the contents of the file, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Petitioner-Defendant Frederick Duane Fisher's motion to correct, recalculate, and modify or reduce his sentence is hereby **DENIED**.

2. Petitioner-Defendant Frederick Duane Fisher's motion to vacate or correct his sentence alleging ineffective assistance of counsel is hereby **DENIED**.

3. Petitioner-Defendant Frederick Duane Fisher's motion and request for an evidentiary hearing is hereby **DENIED**.

4. Petitioner-Defendant Frederick Duane Fisher's motion to correct or reduce his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Dated: March 2, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court